IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY GASIOROWSKI-WATTS, | ) | CASE NO. 1:23 CV 1043 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim. (ECF #17). For the reasons that follow, Defendant's Motion to Dismiss is denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was hired by Defendant in August 1998 and worked primarily as a conductor or Engineer near Parma, Ohio. Compl. at ¶ 12. Plaintiff was elected to union office with SMART-TD Local 284 and held the positions of Vice President and Secretary/Treasurer. Her union duties included submitting reports on behalf of herself and other employees about safety issues in the workplace. Over time, Plaintiff became known to CSXT in the Cleveland area as a regular reporter of hazardous workplace conditions to her supervisors. (Complaint, ECF #1, at ¶¶ 13-14). Plaintiff claims that she was treated with hostility by several of her managers and

was terminated from her employment on February 23, 2018 because of an overspeed incident. (ECF #1 at ¶¶ 22, 34-37 and ECF #17-3 Ex. 1- OSHA Compl.). Plaintiff filed a complaint with OSHA on July 18, 2018 alleging that she was terminated in whole or in part due to her safety complaints in violation of the Federal Rail Safety Act (FRSA). The FRSA grants railroad employees a cause of action to challenge unlawful retaliation. 49 U.S.C. § 20109(d)(1). Specifically, covered employers "may not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee" in retaliation for protected conduct. *Id.* § 20109(a).

The FRSA creates a multistep administrative process to review retaliation claims, starting with a complaint to OSHA. See 49 U.S.C. § 20109(d)(1), 29 C.F.R. § 1982.103. After the agency conducts an investigation, and issues findings and a preliminary order, either party may file objections and request a hearing with an administrative law judge (ALJ). After a hearing , the ALJ issues findings, conclusions, and a remedial order if appropriate. The ALJ's order may be reviewed by the Administrative Review Board (ARB) at the request of either party. 29 C.F.R. §§ 1982.104-1982.110. If neither party petitions for review, or if the ARB declines to accept the petition, then the ALJ's decision becomes the final order of the Secretary. 29 C.F.R. § 1982.110(a), (b). The final agency order can be challenged in the federal court of appeals under the Administrative Procedure Act. See 49 U.S.C. § 20109(d)(4). However, Congress also created a "kick-out" right that gives railroad employees the statutory right to file a de novo action in federal court if the Secretary of Labor has not issued a final decision within 210 days after the filing of the administrative complaint, absent delay due to the bad faith of the employee. See 49 U.S.C. § 20109(d)(3).

After Plaintiff submitted her complaint to OSHA on July 18, 2018, both parties submitted detailed position statements and OSHA issued its findings on April 14, 2020, dismissing the complaint. The 210 day period expired on February 13, 2019 well before OSHA finished its investigation. At that point Plaintiff's right to file a federal action accrued under § 20109(d)(3). Rather than divert to federal court, Plaintiff timely objected to the findings and requested a hearing before an ALJ on May 13, 2020. Due to the suspension of hearings and procedural deadlines caused by the Covid-19 National emergency, a hearing before an ALJ did not take place until November 15-16, 2022. The ALJ issued his decision on May 10, 2023 rejecting Plaintiff's claims. Plaintiff elected not to seek review of the ALJ's order from ARB, and instead exercised her "kick out" right under § 20109(d)(3) and filed the instant action on May 23, 2023. At the time the Complaint was filed in this Court, there was no final order of the Secretary and four years had passed since Plaintiff's kick out right accrued. All parties agree that any delay in the agency proceedings was not due to the bad faith of Plaintiff.

**STANDARD OF REVIEW**

A complaint filed in, or removed to, federal court is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Red Zone 12, LLC v. City of Columbus*, 758 F. App'x 508, 512 (6th Cir. 2019), quoting *Commercial Money Ctr. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) (also noting that the standard is the same for

both motions to dismiss filed under Fed. R. Civ. P. 12(b)(6) and motions for judgment on the pleadings under Fed. R. Civ. P. 12(c)). A trial court construes the complaint in the light most favorable to the nonmoving party, accepts the well-pled factual allegations as true, and determines whether the complaint contains enough facts to make the legal claims facially plausible. *Red Zone 12*, 758 F. App'x at 512, citing *Commercial Money*, 508 F.3d at 336, in turn citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. Tennessee Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that complaint must contain something more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp v. Twombly*, 550 U.S. at 556. The [plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but is "not akin to a probability requirement." *Ashcroft*, 556 U.S. at 678. In conducting this analysis, a court "need not accept the plaintiff's legal conclusions or unwarranted factual allegations as true." *Red Zone 12*, 758 F. App'x at 513, citing *Commercial Money*, 508 F.3d at 336. Although a court primarily considers the allegations in the complaint, "matters of public record, orders items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Red Zone 12*, 758 F. App'x at 513, citing *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO,*

-4-

*Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1971)).

## DISCUSSION

**1. Waiver and Laches**

Defendant asserts that the common law defenses of waiver and laches should apply to FRSA and limit a plaintiff's right to file a "kick out" action in federal court after the expiration of the 210 day window but before the agency issues a final decision. The assertion of common law defenses of waiver and laches is relatively new with respect to claims under § 20109(d)(3). Indeed, only one case decided by the district court in Minnesota has applied those defenses to limit a claimant's kick out right. See *Henin v. Soo Line R.R. Co.*, No. CV 19-336 (PAM/BRT), 2021 WL 2417709 (D. Minn. June 14, 2021)

Until *Henin*, courts have routinely noted that the plain language of § 20109(d)(3) permitted employees to move through several levels of administrative review before acting on their right to seek de novo review in federal court. See *Gunderson v. BNSF Ry. Co.*, 29 F. Supp.3d 1259, 1262-64 (D. Minn. 2014) and the cases collected there.

Even post *Henin*, this Court is aware of no other court dismissing a FRSA kick-out lawsuit on the basis of waiver or laches. A district court in the Northern District of California denied a Railroad's motion to dismiss a FRSA kick-out claim based on the defenses of waiver or laches because the defendant had presented "no controlling or clear authority that the statutory 'kickout' right is subject to waiver. Even assuming it is, and/or that laches can apply in some instances, however, waiver and laches are both defenses, and are generally fact-intensive and ill

suited for resolution at the pleading stage." *Chamberlin v. BNSF Ry. Co.*, No. 22-CV-00005-RS, 2022 WL 717818, at *2 (N.D. Cal. Mar. 10, 2022)

In *Gunderson*, the precursor to *Henin*, the defendant argued that the plaintiff waived his right to file a federal lawsuit after he continued to participate in the administrative process beyond 210 days. Gunderson pursued the administrative process through several levels, including discovery and a multi day evidentiary hearing before an ALJ. After an adverse merits decision from the ALJ, but before the time to file a petition for review before the ARB expired, Gunderson exercised his kick out right and filed a federal action. There was no dispute that the Secretary had not issued a final decision within 210 days of the filing of Gunderson's administrative complaint and no dispute that the delay was not due to any bad faith on Gunderson's part. The Court noted that previous cases had not involved the precise waiver argument made by BNSF, but "[r]egardless of the way the parties framed the issue, however, courts have repeatedly and unanimously rejected the idea that Congress did not intend for litigants to be able to file a lawsuit even after obtaining a merits decision from an ALJ." *Id.* at 1263. Moreover, the Court noted that "Gunderson's lawsuit does not appear particularly unusual. At the very least, given how frequently employees invoke their right to a federal lawsuit after participating in multiple levels of administrative review, the Court cannot say that Gunderson intentionally abandoned a known right when he continued to participate in the administrative process. *See United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (waiver is the "intentional relinquishment or abandonment of a known right")." *Id.*

In addition to the unanimous weight of the case law, the Court noted that the

Department of Labor regulations also indicate that an employee can invoke his right to file a lawsuit at any time before the Secretary has issued a final decision. See 29 C.F.R § 1982.114(b). Thus, based upon the nearly unanimous case law interpreting § 20109(d)(3) and the Department of Labor regulations assuring litigants that they can pursue the administrative process through several levels before exercising their kick out rights before the final decision of the Secretary, the Court determined that Gunderson did not waive his right to pursue a federal lawsuit by his decision to continue the administrative process beyond 210 days up until just shy of a final decision by the Secretary. The Court denied BNSF's motion to dismiss based on waiver but granted summary judgment in favor of BNSF on the merits.

On appeal, the Eighth Circuit affirmed the District Court's decision granting summary judgment in favor of BNSF and its decision to deny BNSF's motion to dismiss for waiver. The Eighth Circuit noted that "the statute is silent on the question BNSF raises–whether a claimant's conduct after his right to file a "kick-out" lawsuit has vested can waive his right to commence an action in district court" but "it is likely that common law principles of laches may apply to cut off an employees's right to sue, or at least to seek equitable relief, some time after the § 20109(d)(3) action accrues." *Gunderson v. BNSF Railway Co.*, 850 F.3d 962, 971-72 (8th Cir. 2017). Since BNSF failed to develop a record on waiver, other than its argument that such duplicative litigation wastes scarce resources, the Court determined that BNSF did not sufficiently develop its waiver argument and had not raised laches or estoppel issues before the district court. *Id.*

In *Henin*, the parties engaged in four months of discovery before an ALJ on Henin's FRSA retaliation claim, however Henin had not taken any depositions or propounded any

-7-

discovery requests during that period. The railroad sought summary judgment from the ALJ in October 2017. The ALJ granted the motion in January 2019. Henin petitioned for ARB review of the ALJ's decision a week past the limitations period. Three days after the railroad filed a motion to dismiss the ARB petition as untimely, Henin filed his federal lawsuit under the FRSA kick-out provision. The ARB ultimately found equitable reasons to accept the untimely appeal, but dismissed the petition because Henin had filed the federal action. The railroad appealed the ARB's decision to reinstate the appeal to the Eighth Circuit and the district court action was stayed pending the appeal. The 8th Circuit affirmed the ARB's reinstatement and the stay was lifted in the district court. The railroad moved to dismiss the FRSA retaliation claim based on waiver and laches because of the extent to which Henin had litigated the case before the ALJ and the ARB.

The district court acknowledged that no court has yet precluded a railroad employee from bringing a federal lawsuit based on the employee's pursuit of administrative remedies, but noted that the Eighth Circuit in *Gunderson* had ruled the right to bring a federal lawsuit under FRSA may be waivable in some situations. *Henin*, 2021 WL 2417709, at *3. Noting that "waiver is the intentional relinquishment of a known right" and the elements of the claim are the party's knowledge of the right and intent to waive it," the Court determined that Henin had waived the right to litigate in federal court where, despite being on notice of the right to file a federal action, he did not file his federal complaint until after the ALJ's decision and he failed to file a timely appeal with the ARB–which was three years after he could have filed his federal kick-out action. *Id.* at *3 (citations omitted.)

The district court also determined that laches applied and prevents Henin from bringing

a federal action under FRSA. "Similar to waiver, laches applies when a party engages in "unreasonable and un-excused delay" that prejudices the other party." *Id.* at *4 *citing Whitfield v. Anheuser-Busch, Inc.*, 820 F.2d 243, 244 (8th Cir. 1987). The Court determined that the railroad had sufficiently established the prejudice it will suffer from the long delay between the 2015 incidents and Henin's federal filing. The court noted that Henin's termination was six years before the federal filing and that such a delay would hamper witnesses' memories of the incidents. The court cited several instances where Henin had testified that he did not recall various incidents, conversations and reports in earlier testimony. The court found that "Henin's delay in the exercise of his right to bring a federal lawsuit smacks of forum shopping, and his current claim that he requires more discovery is not well taken in light of his failure to engage in any discovery before the ALJ." *Id.*

Here, CSX argues that Plaintiff waived her FRSA retaliation claim because she extensively litigated in an administrative forum long after accrual of her right to file a federal lawsuit, and the doctrine of laches bars her belated kick-out action for the same reason. Apparently, Plaintiff's choice to continue her administrative action beyond the 210 day accrual period for her kick- out right represented Plaintiff's intentional waiver of her statutory kick-out right. Plaintiff argues that there is nothing in the language of the FRSA statute that would indicate to Plaintiff that in continuing her required action at the administrative level she was somehow intentionally abandoning her right to later kick out within the time frame designated in the statute. The remedies afforded by the FRSA are sequential, not alternative as the courts except *Henin* have determined. In this situation, a court should not bifurcate a plaintiff's knowledge of her right to file a kick-out federal lawsuit 210 days after the filing of her

-9-

administrative complaint from her knowledge that FRSA permits the filing of a kick-out lawsuit up until the final decision of the Secretary of Labor has been issued. Knowledge of the first fact does not necessarily equal intent without consideration of her knowledge of the second fact. Waiver requires both the party's knowledge of the right and the intent to waive it. See *Henin*, 2021 WL 2417709, at *3. It is clear here that Ms. Gasiorowski-Watts did not intend to waive her statutory right to file a federal kick-out lawsuit when she continued her administrative action beyond the 210 day accrual period because she reasonably knew based upon the language of the statute and the virtually unanimous case law, that FRSA permitted her to file her kick-out action at anytime before the final decision of the secretary. In this case, CSX has failed to prove that Plaintiff intentionally waived her statutory kick-out right.

Moving on to the issue of laches, laches applies when a party engages in "unreasonable and un-excused delay" that prejudices the other party." *Id.* at *4 *citing Whitfield v. Anheuser-Busch, Inc.*, 820 F.2d 243, 244 (8th Cir. 1987). In this case there is no dispute that the administrative delays were not attributable to Plaintiff. Most of the delay was caused by the Covid-19 national emergency. While Plaintiff could have exercised her kick-out right to federal court at that time, federal courts were also experiencing delays due to the Covid-19 emergency. In this situation any delay in exercising her kick-out right was not unreasonable or inexcusable. Moreover, the only prejudice that CSX contends it has experienced is the extra cost of a new proceeding in federal court and the fact that Plaintiff now knows CSX's trial strategy. Given the fact that the parties have substantially completed discovery in the administrative process, not much remains to be done in federal court before a final decision can be reached. Hopefully, costs will be minimized. Unlike in *Henin*, CSX has offered no evidence that witnesses'

memories have been hampered by any delay. Under the record presented here, the elements of laches defense have not been met. Accordingly, Defendant's Motion to Dismiss is denied.

### 2. Interlocutory Appeal

Defendant requests that this Court certify its order for immediate interlocutory appeal if its motion to dismiss is denied. A district court, may certify an order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) if the order: (1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 349 (6th Cir. 2002). The party seeking an interlocutory appeal has the burden of showing exceptional circumstances exist warranting an interlocutory appeal and district court judges have broad discretion to deny certification even where the statutory criteria are met. *Lofgren v. Polaris Indus. Inc.*, 526 F. Supp. 3d 322, 326 (M.D. Tenn. 2021) (citations omitted).

Defendant argues that whether the FRSA kick-out right is subject to the affirmative defenses of waiver and laches is a controlling question of law because it determines whether the complaint states a facially valid claim and dictates this case's resolution. A controlling question of law must: (1) be one of law and (2) be controlling. *Id.* citing *U.S. ex rel. Elliott v. Brickman Grp. Ltd, LLC*, 845 F. Supp.2d 858, 865 (S.D. Ohio 2012) "A legal issue is controlling if it could materially affect the outcome of the case. A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of

-11-

the trial court." *In re City of Memphis*, 293 F.3d at 351 (internal citation omitted). If the Sixth Circuit determines that the affirmative defenses of waiver and laches may be applied to limit the statutory time in which a claimant may exercise her FRSA kick-out right, it may or may not dictate the resolution of this case. The additional question of whether waiver or laches applies to bar this Plaintiff's kick-out lawsuit under the factual circumstances here is not one purely of law.

Next, there is not a substantial ground for difference of opinion "as to whether FRSA litigants lose their right to bring a federal lawsuit when they blow past the 210-day mark." (See Def.'s Motion to Dismiss at 15, ECF #17) Only one district court in Minnesota has applied waiver and laches to limit the kick-out right and did not set a bright line test as to when those defenses should be applied.

Finally, if the Sixth Circuit should agree that the defenses of waiver and or laches should be applicable to limit a FRSA claimant's kick-out right, and further agrees that CSX has factually supported those defenses here, then such appeal would advance the ultimate termination of this litigation. However, since the parties have completed most, if not all, required discovery at the administrative level and since the administrative hearing was only two days, the Court is optimistic that this matter will be swiftly resolved in this Court. At that point, these issues may be appealed in the normal course. Overall, the Defendant has failed to satisfy all three elements necessary to certify an order pursuant to §1292(b). As such, Defendant's request to certify this order for immediate interlocutory appeal is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF #17) is denied.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: November 1, 2023