UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY GASIOROWSKI-WATTS, | ) | CASE NO. 1:23 CV 1043 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| CSX TRANSPORTATION | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, CSX Transportation's Bill of Costs submitted pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920, *et. seq.*, and supported by the declaration of Elaine Rogers Walsh, attesting that these expenses "are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed. 28 U.S.C. § 1924. (ECF # 38)[1]. Plaintiff filed an Objection to the Bill of Costs, and Defendant filed a Reply in support of its request. (ECF #39, 40).

The above-captioned, case was decided in favor of the Defendant, on summary judgement. (ECF #36, 37). Defendant now seeks $5,250.95 in fees for printed or electronically recorded transcripts it alleges were necessarily obtained for use in this case; $732.40 in fees for

---

[1] While Defendant submitted a Bill of Costs, rather than a motion to tax costs, the Court will review the bill of costs in the first instance rather than have the clerk of courts make an initial assessment. See *BDT Products, Inc. v. Lexmark International, Inc.*, 405 F.3d 415, 418-419 (6th Cir. 2005)(The "district court has inherent and statutory authority to act on motions related to costs prior to any action by the clerk.")

printing; and $1469.23 in fees for witness travel expenses, including airfare and hotel costs for attending the Administrative Law Judge hearing. The total of all costs sought equals $7,452.58.

Plaintiff asks the Court to reduce or eliminate fees in exercise of its discretion. In support, she cites the alleged "closeness" of the case, her good faith pursuit of a legitimate case, and the potential chilling effect an award of costs could have on other potential litigants. Plaintiff also argues that the Federal Rail Safety Act ("FRSA"), which specifically provides for costs to an employee who successfully brings a whistle blower case, does not provide for an award of costs to a winning employer.

## LEGAL STANDARD

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorneys' fees – should be allowed to the prevailing." FED. R. CIV. P. 54(d)(1). "This language creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." *Soberay Mach. & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999) (quoting *White & White, Inc. v. American Hospital Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986)).

28 U.S.C. § 1920 sets forth the expenses that may be taxed as costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of

2

> interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Sixth Circuit recognizes "a presumption in favor of awarding costs" under Rule 54(d) and Section 1920. *Soberay Mack & Equipment Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999). The presumption, however, only applies to those costs authorized under 28 U.S.C. §1920. *See, Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 295 (6th Cir. 2015). Where costs are allowed, the "Court must exercise discretion in assessing costs, only allowing for materials 'necessarily obtained for use in the case'. . . and in an amount that is reasonable." *Berryman v. Hofbauer*, 161 F.R.D. 341, 344 (E.D. Mich.1995). When considering an award of costs under Rule 54(d), the Supreme Court has cautioned that,

> We do not read that Rule as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be.

*Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (U.S. 1964). Under careful scrutiny, a prevailing party may not recover as costs expenses that are not specifically authorized by 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441- 42 (1987)

ANALYSIS

A. Entitlement to Costs

Nothing in the nature of this lawsuit justifies the discretionary denial of allowable costs. The case was decided on summary judgment. There was nothing particularly complex or difficult about the law or the facts that dictated the outcome. Although the Court is cognizant of the potential chilling effect that an award of fees can have in any case, there is nothing particular to this case that would increase that potential or dissuade future plaintiffs from bringing well-founded, viable claims. Further, the fact that Plaintiff litigated in good faith, does not, in and of itself, preclude the Court from assessing costs against her. *See, Thomas v. AT&T Servs., Inc.*, 2013 WL 2950657, at *3 (N.D. Ohio June 14, 2013)(Nugent J.).

Finally, the FRSA does not contradict or otherwise supercede the fee provision in Fed.R.Civ.P. 54(d)(1). Unless a federal statute "provides otherwise," costs should be awarded to the prevailing party. Although the FRSA does not specifically provide for costs in the case of a defense judgment, neither does it prohibit them. Thus, it does not qualify as a federal statute, that "provides otherwise" by overriding Fed.R.Civ.P. 54(d)(1), or otherwise precluding the assessment of costs in favor of a defendant, employer. None of the cases cited by Plaintiff denied the enumerated fees allowed under 28 U.S.C. §1920, under the FRSA in similar circumstances, and this Court finds no grounds for denial under the circumstances of this case.

B. Calculation of Costs

Plaintiff argues that even if costs may be assessed, the Defendant's Bill of Costs

4

includes amounts that are not recoverable under 28 U.S.C. §1920. Specifically, Plaintiff claims that she should not be taxed for any costs incurred in connection with the ALJ hearing, or which were otherwise incurred before the instant case was filed in the District Court. These would include witness travel costs, hearing transcript costs, and the cost of several depositions. Defendant argues that the costs originally incurred during the ALJ hearing stage, also qualify as costs that "were necessarily obtained for use in this case," because the ALJ hearing transcripts were used here as evidence for their summary judgment motion. Neither side has provided any binding authority that would establish whether costs incurred during and in preparation for an ALJ hearing can also qualify as costs "necessarily obtained for" use in a later federal case. Therefore, the Court will review each cost individually, below.

1. <u>ALJ hearing transcripts and court reporter fees</u>

Defendant is entitled to recover fees for printed or electronically recorded transcripts necessarily obtained for use in the case. There is no question that the transcripts of the ALJ hearing were necessarily obtained for use in this case, even if the Defendant ordered and was invoiced for the cost of this transcription before the Complaint in this cases was filed. The invoice shows that the transcripts were ordered well after the completion of the ALJ hearing. Therefore, they were not ordered for use in the administrative hearing. Trial use and preparation does not have to be the sole reason that a cost was incurred. Nothing in the statute limits recovery to materials prepared exclusively for trial. Rather, the statute allows fees for transcripts "necessarily obtained for use in the case." There can be no question that the transcript of the ALJ hearing was necessary for

5

the Defense to use in the case. It was necessary that the defense in this case be prepared to address the content of the investigative hearing during summary judgment and at any potential trial. Having the hearing transcribed was a reasonable means of accomplishing this.

Courts regularly tax costs for items such as this, when they are made necessary to the case through references in briefing or when their content can be reasonably expected to be addressed at trial. *See, Golembiewski v. Logie*, No. 3:11 CV 57, 2012 WL 1142474, at *2 (N.D. Ohio Apr. 4, 2012); *Baker Hughes Inc. v. S&S Chem., LLC,* No. 1:14-CV-531, 2016 WL 6155688, at *3 (W.D. Mich. Oct. 24, 2016). Therefore, the $1,282.50 attributable to obtaining the transcript of excerpts from the ALJ hearing are properly taxed against the Plaintiff.

2. <u>Travel expenses for Shaun Rosselli, a witness at the ALJ hearing</u>

Defendant seeks $1469.23 in travel costs for the air and hotel bills associated with bringing witness, Shaun Rosselli in to testify at the ALJ hearing. Plaintiff argues that these costs were incurred in connection with the ALJ hearing, and would have been paid by the Defendant whether or not a federal case was ever filed. No additional costs were incurred with regard to this witness after the completion of the ALJ hearing. There were no witness costs for Mr. Rosselli in the course of the instant action. In other words, the travel costs were incurred to facilitate witness testimony in the ALJ hearing, and did not facilitate testimony in in the federal district court case. Even if Mr. Rosselli would have otherwise had to have been deposed or brought in for this case, had he not been a witness in person at the ALJ hearing, there is no evidence that the cost of deposition would have

6

been equal to the travel costs incurred to get him, in person, to the ALJ hearing. These costs will not be assessed against the Plaintiff.

### 3. Deposition transcripts and associated court reporter fees

#### a. Dennis Biegel

According to the invoice submitted, Mr. Dennis Biegel was deposed on December 6, 2022, and invoiced on December 21, 2022. This suggests that the deposition was taken after the ALJ hearing was completed on November 16, 2022. However, Plaintiff states, and Defendant does not dispute, that this deposition was taken in lieu of live testimony at the ALJ hearing, and was used to supplement the record before the ALJ. The ALJ decision, dated May 10, 2023, corroborates this assertion, stating that in addition to eight live witnesses, "[t]he testimony of another witness was taken by deposition and filed with me." (ECF # 17-5, PageID 104-105). These costs were incurred for the ALJ hearing, and not in anticipation of the federal court case. No deposition costs were necessarily obtained for use in the federal case because the testimony already existed. Therefore, the $447.50 incurred in connection with Mr. Biegel's testimony will not be taxed against the Plaintiff.

#### b. Plaintiff

Defendants are not entitled to the costs of deposing the Plaintiff prior to the ALJ hearing. As with Mr. Biegel's testimony, Plaintiff's deposition was taken before the hearing with the ALJ, and before there was any indication that this federal case would be filed. Therefore, these costs were incurred for the ALJ hearing, and not in anticipation of this federal court case. No deposition costs were necessarily obtained for use in the federal case because the testimony already existed. Therefore, the $1842.70 incurred in

7

connection with Plaintiff's deposition testimony will not be taxed against the Plaintiff.

### c. Michael Berghaus

As with the other deposition costs set forth above, the costs incurred for Mr. Berghaus' deposition transcripts were obtained for the ALJ hearing, and not in anticipation of the federal court case. No deposition costs were necessarily obtained for use in the federal case because the testimony already existed. In addition, Mr. Berghaus was Defendant's witness and employee. Courts have often held that parties should not be able to recover the costs of obtaining testimony from their own witnesses because that testimony is readily available to the party. See, e.g., *Trustees of Boston Univ. v. Everlight Elecs. Co.*, 392 F.Supp.3d 120, 136 (D. Mass. 2019). Defendant counters that Courts actually do "commonly award witness fees for employee-witnesses, so long as such witnesses did not appear as representatives of a party-company." *Necak v. Select Portfolio Servicing, Inc.*, 2019 WL 13196983, at *2 (N.D. Ohio July 25, 2019)(Nugent, J.). Even if true, this exception would not apply to Mr. Berghaus as Defendants admit that Mr. Berghaus did testify as the representative of CSX Transportation, Inc. at the ALJ hearing. Therefore, for multiple reasons, the $201.50 incurred in connection with Mr. Biegel's testimony will not be taxed against the Plaintiff.

### d. Jimmy C. Scott

Plaintiff also argues that the costs connected with the deposition of Jimmy C. Scott should not be awarded to the Defendant because they did not use any of the testimony in their motion for summary judgment. This argument is not well taken. Mr. Scott was deposed on March 6, 2024, long after the administrative proceedings had concluded. There

8

is no question his testimony was taken in furtherance of this federal case. In addition, Mr. Scott was named by the Plaintiff as her expert witness prior to his deposition. It is immaterial that his testimony was not cited in the Defendant's summary judgment motion. After taking his deposition, Defendant filed a Daubert motion to have his testimony excluded. Subsequently, Plaintiff filed a notice that she no longer intended to use Mr. Scott as an expert. Therefore, Defendant no longer needed to cite his testimony in its motion. At the time the expenses were incurred, Mr. Scott's testimony was a reasonably necessary expense for Defendants to be able to defend against the claims. It is not necessary that the testimony be used at trial or in dispositive motions in order to be necessary to the defense. See, e.g,. *Sutter v. General Motors*, 100 F. App'x 475. in which that court held that the (cost of transcriptions may be recovered under Section 1920, even if not introduced at trial). The cost of transcribing the deposition of the opposition's named expert is an expense necessarily obtained for use in the case. Therefore, $1476.75 will be awarded to the Defendants for the cost of these transcripts.[2]

    4. <u>Printing costs</u>

Defendant has submitted costs for printing exhibits required by the Administrative law Judge at the ALJ hearing, as well as the cost of courtesy copies filed with this Court.

---

[2] Defendant's Bill of Costs and the accompanying chart seek $1476.75 for the costs associated with the deposition of Jimmy C. Scott. (ECF #38; 38-1, Page ID 1050). The invoice submitted as proof of the costs shows charges of $1901.40. (ECF #38-7, PageID 1065). There is no obvious source for the discrepancy between these numbers and neither party attempted to explain the difference in their briefing. Therefore, the Court has awarded the lesser of the two amounts, which is also the amount that was officially requested in the Bill of Costs.

The costs of printing exhibits is not recoverable. Those costs were incurred because the ALJ specifically required hard copies of the exhibits to be made for use at the ALJ hearing. That is not an expense that was incurred for the district court case. The cost of the courtesy copies was required by this Court, and those costs are recoverable. Therefore, of the $732.40 requested for printing costs, the Court will award $140.40, which is the amount attributable to the courtesy copies requested by this Court for use in the federal action.

## CONCLUSION

Defendant, CSX Transportation, Inc.'s Bill of Costs is approved in part and denied in part. Costs in the amount of $ 2899.65 are hereby taxed to the Plaintiff, Dorothy Gasiorowski-Watts. The costs are to be included in the judgment previously issued on September, 25, 2024. (ECF #36, 37). IT IS SO ORDERED.

_____
Judge Donald C. Nugent
UNITED STATES DISTRICT JUDGE

DATED: November 26, 2024